### ROSS v. BRADFORD.

As a sheriff cannot levy and sell the homestead of a debtor, whether previously laid off and assigned to him or not, the proceeds of a sheriff's sale, under execution, of the judgment debtor's interest in land, is not the representative of the homestead, and cannot, therefore, be claimed by the debtor as exempt to him for his homestead.

Before NORTON, J., Chester, July, 1887.

The opinion fully states the case.

*Mr. Geo. W. Gage*, for appellant.

*Messrs. Henry & McLure*, contra.

February 11, 1888.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The respondent obtained a judgment against the appellant at the October term of the court, 1886, for Chester County, for $259.33, upon which execution was issued at once.   Prior to the entry of this judgment, the appellant had executed two mortgages covering his lands.   These lands were levied upon under the execution above, and were sold at public outcry in December, 1886, subject to the mortgages aforesaid, amounting to about $1,150, of which notice was given. One Buchanan bought the lands at this sale for the sum of $350, which he paid to the sheriff, who failing and refusing to pay this money to the respondent, the plaintiff in the execution, a rule was issued against him.   To this rule the sheriff returned that the appellant, defendant in the execution, claimed a homestead in

the money in his hands, and had, therefore, forbidden his paying to the plaintiff. His honor, Judge Norton, made the rule absolute, and required the sheriff to apply the money to plaintiff's execution. The defendant has appealed.

The question is, Can the appellant claim a homestead in this money? The appellant claims it as the proceeds of his real estate, in which he was entitled to have a homestead carved out. Can this money be regarded as the proceeds of such homestead? The constitution exempts the homestead from attachment, levy, and sale by mesne or final process, and it is a criminal offence for the sheriff to sell such homestead. Under a provision in the code, judgments have no lien on the homestead. And it has been distinctly decided in several cases by this court, that the sheriff has no power to sell it by virtue of any execution based on a debt contracted subsequent to the constitution of 1868, and this, too, whether the homestead has been set apart to the debtor or not. See *Cantrell* v. *Fowler*, 24 *S. C.*, 428; *Myers* v. *Ham*, 20 *Id.*, 522; and *Hosford* v. *Wynn*, 22 *Id.*, 309. Such being the law, of course the sale here of appellant's homestead, assuming that he was entitled to one, was illegal and invalid. This being so, the money in the hands of the sheriff can in no sense be regarded as its representative, and, therefore, the appellant can have no claim to it.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed without prejudice to appellant as to any claim he may make to have a homestead in the lands assigned him, if so advised.

MR. JUSTICE MCIVER concurred.

MR. JUSTICE MCGOWAN concurred in the result.